Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL WAKIL AMIRI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. **12 1259** |
| GELMAN MANAGEMENT COMPANY, | : |
| Defendant. | : |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

Plaintiff alleges that his former landlord, Gelman Management Company ("Gelman"), defamed him and discriminated against him by representing to the Superior Court of the District of Columbia that he had not paid rent for several months, and by effecting his eviction in 2009. Notwithstanding plaintiff's allegations of discrimination based on his nationality, plaintiff's claims arise from the parties' landlord-tenant relationship – claims which are properly brought in the Superior Court.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). Plaintiff purports to bring a civil rights claim against a private entity, and thus fails to present a federal question under 42 U.S.C. §



1983 because this provision applies only to "person[ s] who [act], under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Id.* Because all the parties are in the District of Columbia, plaintiff fails to establish diversity jurisdiction.

Accordingly, the Court will dismiss the complaint for lack of subject matter jurisdiction. An Order is issued separately.

_____
United States District Judge

DATE: 7/30/12